UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| PATRICK D. REED, | : | CASE NO. 3:21-cv-00799 |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 15] |
| v. | : |  |
| LYNEAL WAINWRIGHT, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Patrick Reed seeks habeas corpus relief under 28 U.S.C. § 2254. On March 21, 2023, Magistrate Judge Parker issued a Report and Recommendation recommending that this Court partially deny and partially dismiss Reed's petition.[1]

On April 4, 2023, this Court granted Petitioner Reed a 14-day extension to file any objections to the Report and Recommendation. Late on April 18, 2023, Reed filed another extension motion.[2] On April 21, 2023, Reed filed a 38-page objection brief and a motion to exceed the page limit for objections.[3] For the following reasons, the Court **DENIES** the motion file an oversized brief and **STRIKES** Petitioner's objections.

Under Local Rule 7.1(f), briefing on nondispositive motions may not exceed 15 pages. Local Rule 7.1 applies to report-and-recommendation objections in § 2254 litigation.[4]

---

[1] Doc. 9.
[2] Doc. 13.
[3] Docs. 14 & 15.
[4] Bozsik v. Bradshaw, 1:03-cv-1625, 2012 WL 1095512, at *3 (N.D. Ohio Mar. 30, 2012). But Rule 7.1's page limits do not apply to Return or Traverse briefs. See Jones v. Bradley, 4:18-cv-670, 2019 WL 11027626 (N.D. Ohio Aug. 2, 2019), report and recommendation adopted, 4:18-cv-670, 2020 WL 5651272 (N.D. Ohio Sept. 23, 2020).

Case No. 3:21-cv-00799
GWIN, J.

Any Rule 7.1(f) exception requires this Court's "prior approval" and issues only "for good cause shown."  Petitioner's counsel failed to meet either requirement.

First, despite knowing that the brief would likely exceed Rule 7.1's page limit at least three days before filing,[5] Petitioner's counsel did not ask for permission to file a 38-page brief until after filing.

Second, Petitioner's counsel fails to show good cause for a 38-page brief.  Counsel suggests that the objections needed additional pages to "readdress" "rebuttal evidence cited in the traverse" and to show why the Court should grant an evidentiary hearing.  But even assuming counsel's rebuttal-evidence arguments require some additional pages, counsel has not shown that any good cause justifies a 38-page memo.  Further, the oversized brief addresses the evidentiary-hearing argument on only two pages.[6]  So, the evidentiary-hearing argument did not cause the brief's length.

Accordingly, the Court **DENIES** Petitioner's motion to file a 38-page brief and **STRIKES** Petitioner's objections.  Petitioner may refile objections, not to exceed 20 pages, within seven days of this order.

IT IS SO ORDERED.

Dated: May 30, 2023    *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[5] *See* Doc. 13 ("It is thirty-nine (39) pages at present.").
[6] Doc. 14 at 8 & n.1, 32 (PageID 3028, 3052).